```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

CHRISTINE BAUER; MANUEL DESOUSA;
PAUL DESOUSA; AMY BIESENBACH all
individually and on behalf of others
similarly situated,

                    Plaintiffs,

vs.                                Case No.  2:08-cv-68-FtM-29SPC

THE SHELL FACTORY, LC a Florida
limited liability company,

                    Defendant.
_____

## OPINION AND ORDER

This matter comes before the Court on defendant's Motion to Dismiss and to Stay Discovery (Doc. #8) and supporting Memorandum of Law in Support (Doc. #9), filed on February 19, 2008. Plaintiff filed an Opposition (Doc. #10) on February 25, 2008.

Defendant argues that the Fair and Accurate Credit Transactions Act (FACTA) requires willful noncompliance for statutory damages under 15 U.S.C. § 1681(n) and the violation must have been either knowing or reckless. Defendant argues that the Complaint is insufficiently pled to substantiate knowledge or recklessness. Plaintiffs state otherwise and argue that printing the type of card, last four digits of the credit/debit card number and the expiration rate on a receipt more than four years after FACTA passed is presumptively reckless and willful.

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, 127 S. Ct. 2197 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). To satisfy the pleading requirements of Federal Rule of Civil Procedure 8, a complaint must contain a short and plain statement showing an entitlement to relief, and the statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002)(citing Fed. R. Civ. P. 8). See also Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (May 21, 2007)(citations omitted); Erickson v. Pardus, 127 S. Ct at 2200; Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 346 (2005). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [ ] a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 127 S. Ct. at 1964-65 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Id. at 1965. Plaintiff must plead enough facts to state a plausible basis for the claim. Id.

The Complaint recites § 1681(n) verbatim and alleges that defendant "willfully violated the provisions of the FACTA. . . ."

-2-

(Doc. #1, ¶¶ 14, 33.)  In <u>Safeco Ins. Co. of Am. v. Burr</u>, 127 S. Ct. 2201 (2007), the Supreme Court found that statutory willfulness extends to acts known to violate the statute and reckless disregard of statutory duty as well.  The case did not, however, provide that reckless disregard was an additional allegation that must be pled.  Taking all allegations as true as this stage of the proceedings, plaintiffs have sufficiently pled for purposes of FED. R. CIV. P. 8 to provide defendant with notice that statutory damages will be sought.  Whether plaintiffs will actually be able to demonstrate willfulness will be determined at summary judgment or at trial.

Accordingly, it is now

**ORDERED**:

Defendant's Motion to Dismiss and to Stay Discovery (Doc. #8) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this   30th   day of May, 2008.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record